# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUTTON-MYRIE,** : | |
| : | |
| **Petitioner** : | |
| : | **CIVIL NO. 3:CV-13-1507** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PIKE COUNTY CORRECTIONAL** : | |
| **FACILITY,** *et al.*, : | |
| : | |
| **Respondents** : | |

# M E M O R A N D U M

## I.  Introduction

On June 5, 2013, Petitioner Louis A. Dutton-Myrie, a detainee of the United States Bureau of Immigration and Customs Enforcement (ICE), detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Dutton-Myrie challenges his continued confinement to prison's Restricted Housing Unit (RHU) following the completion of a disciplinary sanction for engaging in physical combat with another inmate who allegedly attacked him.  (Doc. 1-1, Mem. in Supp. of Habeas Pet.)  As relief, Mr. Dutton-Myrie seeks his return to the prison's general population.  (*Id.*)

## II.     Background

On March 30, 2013, at approximately 11:30 a.m., another inmate entered Mr. Dutton-Myrie's cell and commenced kicking and punching him in the face.  (*Id.* at ECF p. 1.)  The Corrections Officer on the unit "negligently prioritized locking down the unit, rather than going to the aide of [Mr. Dutton-Myrie]".  (*Id.* at ECF p. 2.)  In the interim, Mr. Dutton-Myrie "proceeded to defend himself by attempting to throw punches back at his assailant."  (*Id.*)

Following the incident, both inmates were issued disciplinary write-ups.  At an April 3, 2013, disciplinary heairng, Mr. Dutton-Myrie was found guilty of fighting and creating a disturbance, despite his claims of self defense, the Corrections Officer's report and video camera footage showing him as the victim of an assault.  (*Id.*) Pike County prison officials found Mr. Dutton-Myrie guilty of fighting and creating a disturbance.  He was sanctioned to 21 days in the RHU.  (*Id.*) Although his disciplinary sanction expired on April 17, 2013, Mr. Dutton-Myrie has not been returned to general population but remains in the RHU.

Mr. Dutton-Myrie concedes that aside from the March incident where he was defending himself, he has "been involved in two fights in the nearly 14 months he has been in the Pike County Correctional facility".  (*Id.* at ECF p. 3.)  Each time he requested to be released to general population he was advised by prison authorities that his present maximum security status was "a result of [his] institutional behavioral history which includes repetitious physically aggressive behavior towards other inmates. [And that] if [he] wish[ed] to be reclassified to a less restrictive

classification status, [he] must adhere to all facility rules and regulations for an indeterminate period of time." (*Id.* at ECF p. 16-21.)

Mr. Dutton-Myrie asserts that the prison officials' actions of disciplining him when he was only defending himself, and then detaining him in the RHU beyond his disciplinary sanction, violates his Fifth, Eighth, and Fourteenth Amendment rights.

**III.     Discussion**

The petition will be dismissed without requiring an answer from Respondents, as authorized by Rule 4 of the Rules Governing Section 2254 Cases for the United States District Courts, made applicable to § 2241 actions by Rule 1 of those rules.

Federal law provides two main avenues of relief to incarcerated persons: a petition for habeas corpus, and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004)(per curiam). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an

-3-

action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.  In sum, federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d 540.

In the instant case, Mr. Dutton-Myrie does not seek either a speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration.  Rather, he seeks his release from a certain housing unit within the prison, the RHU.  Accordingly, this court lacks habeas jurisdiction.  *See McCall v. Ebbert*, 384 F. App'x 55 (3d Cir. 2010) (District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement.)  Mr. Dutton-Myrie's claims are more properly classified as conditions of confinement claims that would more appropriately be brought as a *Bivens* action.  *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

This court will, therefore, dismiss the petition without any prejudice to any right he may have to assert his claim sin a properly filed *Bivens* action.[1]

An appropriate Order follows.

                                                      **/s/ A. Richard Caputo**
                                                      **A. RICHARD CAPUTO**
                                                      **United States District Judge**

**Date: September 13, 2013**

---

[1] The Court expresses no opinion as to the merits, if any, of any civil rights claim Mr. Dutton-Myrie may file based on the facts asserted in the instant petition.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUTTON-MYRIE, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-13-1507 |
| v. | : |
| | : (Judge Caputo) |
| PIKE COUNTY CORRECTIONAL FACILITY, *et al.*, | : |
| Respondents | : |

# O R D E R

**AND NOW**, this **13th** day of **SEPTEMBER, 2013,** it is ordered that:

1. The Petition (Doc. 1) for writ of habeas corpus is dismissed.

2. The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**